## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

MARK Z. SAPPIR

        Plaintiff

v.

UPMC; UPMC ENTERPRISES;
UPMC BENEFIT MANAGEMENT
SERVICES, INC., AND
DIVERSIFIED SEARCH GROUP

        Defendants

:
:
:
:
:
:
:
:
:
:
:
:
:
:
:

No. 2:26-cv-00568

**JURY TRIAL DEMANDED**

### MOTION TO DISMISS OF
### DEFENDANTS UPMC PRESBYTERIAN SHADYSIDE AND
### <u>UPMC BENEFIT MANAGEMENT SERVICES, INC.</u>

Defendants UPMC Presbyterian Shadyside (incorrectly identified in the Complaint as "UPMC Enterprises") and UPMC Benefit Management Services, Inc., hereby move pursuant to Federal Rule of Civil Procedure 12(b)(6) to dismiss:

1.      the First and Fourth Claims For Relief (asserted under Title VII of the Civil Rights Act of 1964 and the Pennsylvania Human Relations Act) set forth in Plaintiff's Complaint to the extent they assert claims of race discrimination, because Plaintiff (a) failed to exhaust his administrative remedies as to such claims, and (b) fails to state a claim of race discrimination upon which relief may be granted, for example, failing to identify any comparators or alleged racially discriminatory conduct;

2.      the Second Claim for Relief (asserted under 42 U.S.C. § 1981) because Plaintiff fails to state a claim of race discrimination upon which relief may be granted for the same reasons as item 1(b) above;

3.      the First and Fourth Claims for Relief to the extent they assert claims of race and sex discrimination based on non-selection of Plaintiff for a Senior HR Director role in August 2023, because Plaintiff failed to assert such claims within the applicable 180-day statutory limitation periods;

4.      the First, Second, Third, and Fourth Claims for Relief to the extent they assert claims of discrimination against Defendant UPMC Benefit Management Services, Inc. based on non-selection of Plaintiff for a Senior HR Director role in August 2023, because Plaintiff alleges that a different entity made this decision and, therefore, fails to state any such discrimination claim upon which relief may be granted;

5.      the Fifth and Sixth Claims for Relief to the extent they assert claims of retaliation against Defendant UPMC Presbyterian Shadyside based on the selection of Plaintiff for inclusion in a reduction in force in April 2024, because Plaintiff alleges that a different entity made this decision and, therefore, fails to state any such retaliation claim upon which relief may be granted; and

6.      the Fifth and Sixth Claims for Relief to the extent they assert claims of retaliation against any Defendant based on Plaintiff's unsuccessful post-separation applications for employment, because Plaintiff does not allege key aspects of such claims, including what entity made each decision and, therefore, fails to state any such retaliation claim upon which relief may be granted.

The Court should permit Plaintiff to proceed only as to the Complaint's Third and Fourth Claims for Relief to the extent they allege age discrimination against Enterprises based on Plaintiff's non-selection for the Senior HR Director position, and its Fifth and Sixth Claims for Relief to the extent they allege retaliation against Workpartners based on Plaintiff's separation.

The bases for this Motion are set forth in the accompanying Brief, which is incorporated herein.

Respectfully submitted,

/s/ Adam D. Brown
William M. McSwain, Esquire (admitted *pro hac vice*)
Christopher D. Durham, Esquire
Adam D. Brown, Esquire (admitted *pro hac vice*)
Duane Morris LLP
30 South 17th Street
Philadelphia, PA 19103
(215) 979-1166/1510/1883

*Attorneys for Defendants UPMC Presbyterian Shadyside (incorrectly identified in the Complaint as "UPMC Enterprises") and UPMC Benefit Management Services, Inc.*

Dated: June 29, 2026

**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| MARK Z. SAPPIR | : | No. 2:26-cv-00568 |
| | : | |
| Plaintiff | : | **JURY TRIAL DEMANDED** |
| | : | |
| v. | : | |
| | : | |
| UPMC; UPMC ENTERPRISES; | : | |
| UPMC BENEFIT MANAGEMENT | : | |
| SERVICES, INC., AND | : | |
| DIVERSIFIED SEARCH GROUP | : | |
| | : | |
| Defendants | : | |
| | : | |

## ORDER

**AND NOW** this ___ day of _____, 202___, upon consideration of the Motion to

Dismiss of Defendants UPMC Presbyterian Shadyside (incorrectly identified in the Complaint as

"UPMC Enterprises") and UPMC Benefit Management Services, Inc., the Brief in support

thereof, and any response thereto, it is hereby **ORDERED** that the Motion is **GRANTED**.  It is

further **ORDERED** that:

1.      The First and Fourth Claims for Relief set forth in Plaintiff's Complaint are

**DISMISSED WITH PREJUDICE** to the extent they assert claim(s) of race discrimination.

2.      The Second Claim for Relief set forth in Plaintiff's Complaint is **DISMISSED**

**WITH PREJUDICE**.

3.      The First and Fourth Claims for Relief set forth in Plaintiff's Complaint are

**DISMISSED WITH PREJUDICE** to the extent they assert claims of race and sex

discrimination based on a failure to hire Plaintiff into a Senior HR Director role in August 2023.

4.      The First, Second, Third, and Fourth Claims for Relief set forth in Plaintiff's

Complaint are **DISMISSED** to the extent they assert claims of discrimination against Defendant

2

UPMC Benefit Management Services, Inc. based on non-selection of Plaintiff for a Senior HR Director role in August 2023.

5.      The Fifth and Sixth Claims for Relief set forth in Plaintiff's Complaint are **DISMISSED** to the extent they assert claims of retaliation against Defendant UPMC Presbyterian Shadyside based on Plaintiff's separation in April 2024.

6.      The Fifth and Sixth Claims for Relief set forth in Plaintiff's Complaint are **DISMISSED** to the extent they assert claims of retaliation against any Defendant based on Plaintiff's unsuccessful post-separation applications for employment.

**BY THE COURT:**

_____

Bissoon, C.J.

2

## **CERTIFICATION OF MOVANT**

I, Adam D. Brown, certify that Defendants UPMC Presbyterian Shadyside (incorrectly identified in the Complaint as "UPMC Enterprises") and UPMC Benefit Management Services, Inc., have made good faith efforts to confer with counsel for Plaintiff, Mark Sappir, to determine whether the pleading deficiencies this Motion identifies properly may be cured by amendment, and that counsel were unable to resolve their differences as to those deficiencies.

*/s/ Adam D. Brown*
Adam D. Brown, Esquire

.

**CERTIFICATE OF SERVICE**

I, Adam D. Brown, certify that on June 29, 2026, I caused a copy of the foregoing Motion

to Dismiss to be filed electronically, and the same is available for viewing and downloading from

the ECF System by the following counsel of record:

Walter S. Zimolong, Esq.
Zimolong, LLC
PO Box 552
Villanova, PA 19085-0552
wally@zimolonglaw.com
215-665-0842

Jonathan F. Mitchell, Esq.
Mitchell Law PLLC
111 Congress Avenue, Suite 400
Austin, Texas 78701
jonathan@mitchell.law

Nicholas R. Barry, Esq.
William F. Scolinos, Esq.
Trey Donathan, Esq.
America First Legal Foundation
611 Pennsylvania Avenue SE #231
Washington, D.C. 20003
202-964-3721
nicholas.barry@aflegal.org
william.scolinos@aflegal.org
trey.donathan@aflegal.org

*Attorneys for Plaintiff,*
*Mark Z. Sappir*

*/s/ Adam D. Brown*
Adam D. Brown, Esquire